IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**SIDNEY CURRY and**
**SAUNDRA CURRY,**

    **Plaintiffs,**                                      **No. _____**

**v.**                                                        **JURY DEMANDED**

**STATE FARM FIRE AND**
**CASUALTY COMPANY,**

    **Defendant.**

## COMPLAINT

COMES NOW the Plaintiffs, Sidney Curry and Saundra Curry, by and through counsel, and for their Complaint against State Farm Fire and Casualty Company, would respectfully state and show as follows:

### PARTIES AND JURISDICTION

1. Sidney Curry and Saundra Curry ("Plaintiffs") are currently residents of Hendersonville, Tennessee. At all times relevant hereto, Plaintiffs were the owners and residents of the realty, dwelling, and other structures located at and around 104 Newport Lane, Hendersonville, TN 37075. (the "Insured Premises").

2. Defendant State Farm Fire and Casualty Company ("Defendant") is an insurance company conducting business in the state of Tennessee, with its principal place of business in Bloomington, Illinois. Defendant is organized under the laws of the State of Illinois.

3. This Complaint originates as the result of a severe wind event, which caused significant damage to the Insured Premises, and Defendant's unlawful actions in refusing to

properly pay the amounts owed to Plaintiffs and Defendant's failure to pay the amounts due in a timely manner.

4. Jurisdiction and venue are proper in this Court because the events giving rise to this insurance dispute occurred in Hendersonville, Tennessee, and the amount in dispute is in excess of $75,000.00.

## FACTS

### The Policy

5. At all times relevant hereto, Defendant insured the Insured Premises and personal property located thereon against property damage, pursuant to an insurance contract obtained by Plaintiffs bearing Policy No. 42-BD-1316-1 (the "Policy"). A copy of the Policy is attached hereto as **Exhibit 1**.

6. The Policy provided insurance coverage for "direct physical loss" to the Insured Premises. The Policy is an "all risk" insurance policy, which means that coverage is provided for all direct physical loss of, and damage to, the Insured Premises, unless the loss is specifically excluded or limited by the Policy. Wind is not an excluded peril in the Policy.

7. The insurance coverage provided by the Policy with regard to the Insured Premises was on a replacement cost valuation basis, which means that coverage is provided on a replacement cost basis without deduction for depreciation.

8. Pursuant to the Policy, Plaintiffs paid an annual premium to Defendant in exchange for insurance coverage. Plaintiffs paid the required premiums at all times relevant to this Complaint.

9. Upon information and belief, policy limits are not at issue in this dispute.

10. Upon information and belief, there is no dispute that this Loss event occurred during a policy period insured by Defendant.

## The Loss

11. On December 9, 2023, the Insured Premises was substantially damaged by a severe wind event (the "Loss").

12. The Policy was in effect at the time of the Loss, and the Loss was a compensable claim under the terms of the Policy. As it relates to the Loss, there are no applicable exclusions or limitations.

13. The Loss was promptly reported to Defendant.

14. Defendant accepted the Loss as a covered claim and issued an actual cash value payment for repairs to the Dwelling in an amount of $12,751.27. Defendant estimated the replacement cost value for the Loss at $25,144.15.

15. Plaintiffs hired Honor Claims to put together an estimate to restore the Insured Premises to pre-Loss condition. Honor Claims estimated the replacement cost value of this Loss at $124,077.38.

16. Defendant refused to pay the full extent of the damage as estimated by Honor Claims.

## The Appraisal

17. Plaintiffs and Defendant could not agree on the amount of loss for this Loss/claim. As a result, Plaintiffs, through Honor Claims, demanded that the amount of loss be set by a competent and disinterested appraisal panel.

18. State Farm, by letter dated September 9, 2024, rejected Plaintiffs' appraisal demand stating that the differences between spot repairs and the need for full replacement of certain items damaged by the Loss is not appraisable.

19. On multiple occasions within the last few years, State Farm has made this same argument regarding the appropriateness of appraisal, and their argument has been rejected. Indeed, U.S. District Courts within the Eastern, Middle, and Western districts of Tennessee have repeatedly compelled State Farm to enter into the appraisal process when there is a dispute concerning the amount of loss and appraisal is invoked.

20. Defendant has issued partial and insufficient payments for the Insured Premises damaged by the Loss. Defendant's partial payments are in amounts less than what is owed under the Policy and constitutes a breach of the contract/Policy.

21. Plaintiffs have fulfilled all duties imposed upon them by Defendant and are at no fault in this matter. Defendant, however, has failed to fully and promptly pay the amounts owed to Plaintiffs for the various coverages afforded pursuant to the Policy, as required by Tennessee law.

22. Defendant's refusal to fully pay Plaintiffs' valid claim is in violation of the terms of the Policy and Tennessee law.

23. There is no reasonable coverage dispute or other justifiable reason for Defendant's failure to pay Plaintiffs' claim associated with the Loss. Defendant's failure to timely pay Plaintiffs the amount owed pursuant to the Policy is without justification.

24. As a direct and proximate cause of Defendant's actions/inactions, Plaintiffs have sustained substantial compensable losses, including all amounts due Plaintiffs under the Policy and Tennessee law.

25. As a result of Defendant's material breach of the Policy and violation of Tennessee law, Plaintiffs were forced to file this lawsuit to recover the insurance proceeds they are entitled to pursuant to the coverages found within the Policy.

## CAUSES OF ACTION

### Count I – Breach of Contract

26. The allegations contained in the preceding paragraphs of this Complaint are incorporated herein by reference, as if set forth verbatim herein.

27. The Policy is a binding contract between Plaintiffs and Defendant and is supported by valid consideration.

28. Defendant is in total, material breach of the Policy, and Defendant is liable to Plaintiffs under the Policy for damage/destruction of the dwelling on the Insured Premises as a result of the Loss. Specifically, Defendant breached its contract with Plaintiffs by its failure and refusal to fully and promptly pay the amounts owed to Plaintiffs as a result of the Loss as required by the terms of the Policy and Tennessee law.

29. As a result of Defendant's breach of contract, Plaintiffs have sustained substantial compensable losses for the amounts claimed under the Policy.

30. Defendant is liable to Plaintiffs for their losses.

31. Defendant's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 436 S.W.3d 256 (Tenn. Ct. App. 2013). Specifically, Defendant intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiffs' claim when liability was clear; (2) refused and failed to conduct a reasonable investigation concerning the issues surrounding this dispute; (3) refused and failed to obtain all reasonably

5

Case 3:24-cv-01256   Document 1   Filed 10/21/24   Page 5 of 7 PageID #: 5

available information before denying Plaintiffs' claim; (4) unjustly refused to pay Plaintiffs' claim for its own financial preservation with no reasonable or justifiable basis; (5) refused and failed to acknowledge Defendant's promises of coverage to Plaintiffs; (6) failed to treat Plaintiffs' interests with equal regard to its own; (7) engaged in unreasonable coverage positions despite documented proof contrary to its position; and (8) unjustly refused to pay Plaintiffs' claim for benefits under the policy. Defendant knew, or reasonably should have known, that Plaintiffs were justifiably relying on the money and benefits due them under the terms of the policy. Nevertheless, acting with conscious disregard for Plaintiffs' rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiffs, Defendant consciously ignored Plaintiffs' valid claim and withheld monies and benefits rightfully due Plaintiffs. Plaintiffs seek, and are entitled to, punitive damages.

WHEREFORE, as a result of the foregoing, Plaintiffs respectfully request that this Honorable Court award a judgment against Defendant as follows:

A. For compensatory damages, as well as consequential damages, as a result of Defendant's breach of contract, in an amount not to exceed $200,000.00;

B. For punitive damages not to exceed $500,000.00;

C. For all costs incurred by Plaintiffs as a result of this action;

D. For pre- and post-judgment interest; and

E. For such other further and general relief as this Court deems just and equitable.

**JURY DEMAND**

Plaintiffs demand a jury.

        Respectfully submitted,

        McWHERTER SCOTT & BOBBITT, PLC

        s/William D. Buckley III
        WILLIAM D. BUCKLEY III #036304
        trey@msb.law
        EMILY S. ALCORN #033281
        emily@msb.law
        JONATHAN L. BOBBITT #23515
        jonathan@msb.law
        109 Westpark Drive, Suite 260
        Brentwood, TN 37027
        Telephone: (615) 354-1144
        Facsimile: (731) 664-1540

        *Attorneys for Plaintiffs*